

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEONIS KING,

    Plaintiff,

vs.       No. 4:00CV00552 SWW

BILL SIMPSON, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff is an inmate of the Arkansas Department of Correction. He filed this complaint pursuant to 42 U.S.C. § 1983, alleging that he was arrested on September 2, 1999 and charged with stealing a truck. *See* Compl. at ¶ V. From other pleadings filed by plaintiff with the Court, it appears that plaintiff was convicted of theft by receiving, fleeing, and resisting arrest. He believes he was falsely accused, falsely convicted, and is being falsely imprisoned. *See* Pl's. Resp. to Sep. Defs.' Mot. to Dismiss [docket entry 15]. Now before the Court is a motion to dismiss filed by separate defendants Bill Simpson, Judge John Langston, and Melanie Martin. Plaintiff has failed to timely respond to the motion. For the reasons stated below, the Court finds that the motion should be granted.

I.

Separate defendants contend that plaintiff's complaint should be dismissed because plaintiff failed to serve them within the 120 days as set forth in Fed.R.Civ.P. 4(m). Plaintiff filed his complaint on July 13, 2000. On September 19, 2001, the Court directed the U.S. Marshal to



serve the summons and complaint on these defendants. *See* docket entry 22. These three defendants were served on September 25, 2001. Because the Court directed service over a year after the complaint was filed, the Court finds that plaintiff's complaint against these defendants should not be dismissed on the basis of untimely service.

## II.

Defendant Simpson was plaintiff's court-appointed attorney. He asserts that plaintiff's claims against him should be dismissed because he did not act under color of state law and because there are insufficient facts alleged showing that Simpson was engaged in a conspiracy with other state actors.

In order to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove that a defendant acted "under color of state law." Acts are done under color of state law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation. *See Monroe v. Pape,* 365 U.S. 167 (1961). "Public defenders do not act 'under color of state law' for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel." *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir. 1988). Although Simpson could act under color of state law as a public defender if he conspired with state officials to deprive plaintiff of federal rights, *see Tower v. Glover,* 467 U.S. 914, 923 (1984), plaintiff has made no such allegation. *See Manis v. Sterling,* 862 F.2d 679, 681 (8th Cir. 1988) (conspiracy allegations must be plead with sufficient specificity and factual support to suggest a meeting of the minds).

The Court, therefore, finds that plaintiff has failed to state a claim under 42 U.S.C. § 1983 and his complaint against Simpson should be dismissed.

### III.

Separate defendant Langston is the judge who presided over plaintiff's criminal trial. Judge Langston asserts that his is entitled to absolute judicial immunity. In addition, he contends that he is not a "person" within the meaning of the statute.

While it is unclear upon what plaintiff bases his claim against Judge Langston, it is well-settled that judges are absolutely immune from suits for money damages under § 1983 for acts performed in their judicial capacity. *Stump v. Sparkman,* 435 U.S. 349 (1978). Further, plaintiff fails to state a claim for damages against Judge Langston because he is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989). Thus, the Court finds that any claim for damages against Judge Langston are dismissed.

### IV.

Separate defendant Melanie Martin is a prosecuting attorney. Like judges, prosecutors have absolute immunity from claims for damages for acts performed within their official authority. *Stump, supra; Imbler v. Pachtman,* 424 U.S. 409 (1976). Plaintiff makes no allegations against Martin, and Martin points out that she did not prosecute plaintiff's case. The Court finds that plaintiff has failed to state a claim for damages against Martin.

The Court recognizes that plaintiff does not ask for damages but for "an investigation." Plaintiff states that he has appealed his conviction. *See* docket entry 15. Until plaintiff has

3

exhausted his state court remedies, this Court is without jurisdiction to review his conviction for alleged constitutional violations.

V.

The only defendant remaining in this case is Officer Garrett, who has not been served. On September 19, 2001, the Court directed plaintiff to provide the Court, within thirty (30) days, an address for Officer Garrett. In response, plaintiff informed the Court on October 15, 2001, that he has been unable to obtain an address. *See* docket entry 28.

Because plaintiff cannot locate an address for defendant Garrett, the Court finds that plaintiff's claims against him should be dismissed without prejudice.

VI.

IT IS THEREFORE ORDERED that separate defendants' motion to dismiss[1] should be and is hereby granted. Plaintiff's claims against defendants Simpson, Langston, and Martin are dismissed. IT IS FURTHER ORDERED that plaintiff's claims against defendant Garrett are dismissed. Plaintiff's complaint is dismissed.

DATED this 7th day of November 2001.

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Docket entry 26.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 11-8-01 BY VA

4

```
                    F I L E   C O P Y
                                                              vjt
                 UNITED STATES DISTRICT COURT
                   Eastern District of Arkansas
                         U.S. Court House
                   600 West Capitol, Suite 402
                 Little Rock, Arkansas 72201-3325


                        November 8, 2001



              * * MAILING CERTIFICATE OF CLERK * *


Re:  4:00-cv-00552.



True and correct copies of the attached were mailed by the clerk to the
following:


        Melanie A. Winslow, Esq.
        Arkansas Attorney General's Office
        Catlett-Prien Tower Building
        323 Center Street
        Suite 200
        Little Rock, AR   72201-2610

        Lenois King                        (appeal pkg)
        VU
        Varner Unit
        ADC #85829
        Post Office Box 600
        Grady, AR   71644-0600

        cc: press, post


                                        James W. McCormack, Clerk

                                              V. Turner
           11/8/01                      BY: _____
Date: _____
```